**01. COMPLAINT**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| KENN KANG ZOU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.4:26-cv-1438-SAL-PJG |
| | ) | |
| REVELS TURF AND TRACTOR, LLC, | ) | |
| and | ) | |
| FINCH TURF, INC., | ) | |
| | ) | |
| Defendants. | ) | |

APR 6 '26 AM 10:27
FILED – USDC FLD SC

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kenn Kang Zou ("Plaintiff"), pro se, alleges as follows:

I. NATURE OF THE ACTION

1. This is an action for trademark infringement and false designation of origin/unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), arising from Defendants' unauthorized use of the CORETASK trademark in connection with turf maintenance blades and related parts.

2. Plaintiff's primary objective is injunctive relief to immediately stop Defendants from representing that Defendants' products are "CORETASK" products and from passing off non-CORETASK products as CORETASK products.

II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 because this action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

4. This Court has authority to grant injunctive relief under 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

5. This Court has personal jurisdiction over Revels because Revels conducts business in South Carolina, including through its Myrtle Beach, South Carolina store, and has directed infringing and misleading sales efforts to South Carolina customers.

6. This Court has personal jurisdiction over Finch because Finch, through interstate commerce directed to South Carolina and/or through sales personnel and customer communications to South Carolina customers, has participated in conduct causing consumer confusion and harm in South Carolina.

7. Venue is proper in this Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, including Defendants' marketing, offers for sale, sales solicitations, and resultant confusion among South Carolina golf course customers.

III. PARTIES

8. Plaintiff Kenn Kang Zou is an individual residing in South Carolina.

9. Plaintiff is the owner and/or assignee of the federally registered CORETASK trademark, U.S. Registration No. 5,018,412 (the "CORETASK Registration"). Recordation reflecting Plaintiff's current ownership is being processed.

10. Plaintiff has continuously used the CORETASK mark in United States commerce since at least 2016, and Plaintiff's CORETASK products are recognized in the turf maintenance and golf course market in South Carolina and elsewhere.

11. Defendant Revels Turf and Tractor, LLC ("Revels") is a North Carolina limited liability company with its registered office at 5118 Rawls Church Rd, Fuquay Varina, NC

27526, and conducts business in South Carolina, including at 3420 Macklen Rd, Myrtle Beach, SC 29588.

12. Defendant Finch Turf, Inc. ("Finch") is a Maryland corporation with its principal office at 9 Venture Way, Eldersburg, MD 21784.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff sells CORETASK-branded turf maintenance parts, including mower blades and bedknives used by golf courses and turf maintenance professionals.

14. Defendants are turf equipment dealers and suppliers serving golf course customers in South Carolina and other states.

15. On October 17, 2025, a golf course maintenance supervisor in Delaware informed Plaintiff that sales personnel from Finch stated words to the effect that Finch could supply "CORETASK" blades/products. Plaintiff denied that Finch was an authorized source of CORETASK products.

16. In or about November 2025 through December 2025, maintenance supervisors at at least three separate golf courses located in Horry County, South Carolina informed Plaintiff that Revels sales personnel stated words to the effect that Revels "also has CORETASK" blades/products, causing confusion as to whether the products were sourced from, sponsored by, affiliated with, or approved by Plaintiff.

17. Defendants' statements described above were not authorized by Plaintiff and are likely to cause, and have caused, consumer confusion as to source, sponsorship, affiliation, or approval.

18. On information and belief, Defendants offered and/or supplied products in plain packaging without CORETASK branding while nonetheless describing or representing those products as "CORETASK" products.

19. Plaintiff has suffered and continues to suffer irreparable harm, including loss of control over Plaintiff's reputation and goodwill.

20. On November 19, 2025, at the Carolinas GCSA Conference and Show in Myrtle Beach, South Carolina, Plaintiff confronted Turner Revels and asked that Revels stop using or claiming to have "CORETASK" products. Mr. Revels refused.

## V. CLAIMS FOR RELIEF

COUNT I — Trademark Infringement (15 U.S.C. § 1114)

21. Plaintiff incorporates paragraphs 1–20.

22. Defendants, without Plaintiff's consent, used in commerce reproductions, counterfeits, copies, or colorable imitations of Plaintiff's registered CORETASK mark in connection with the advertising, marketing, offering for sale, and sale of goods, in a manner likely to cause confusion, mistake, or deception.

COUNT II — False Designation of Origin / Unfair Competition (15 U.S.C. § 1125(a))

23. Plaintiff incorporates paragraphs 1–22.

24. Defendants used false or misleading designations of origin and made false or misleading representations of fact that are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendants' goods by Plaintiff.

COUNT III — Common Law Unfair Competition / Passing Off (South Carolina)

25. Plaintiff incorporates paragraphs 1–24.

26. Defendants' conduct constitutes passing off and unfair competition under South Carolina common law.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and grant the following relief:

A. A temporary restraining order and/or preliminary injunction, and thereafter a permanent injunction, prohibiting Defendants and persons acting in concert with them from (i) using the CORETASK mark or any confusingly similar designation; (ii) representing that Defendants' products are CORETASK products or are affiliated with Plaintiff; and (iii) passing off non-CORETASK products as CORETASK products.

B. An order requiring Defendants to take affirmative steps to prevent further confusion, including corrective communications to customers, if appropriate.

C. An award of Defendants' profits, Plaintiff's damages, and costs under 15 U.S.C. § 1117, in an amount to be proven at trial.

D. Pre-judgment and post-judgment interest as allowed by law.

E. Such other and further relief as the Court deems just and proper.

VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: _3/31 / 2026_

Kenn Kang Zou, Pro Se

2411 N Oak St., Suite 307D

Myrtle Beach, SC 29577

Phone: 843-602-3729

Email: Hello@Coretask.com